```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BOVEE & THILL LLC,

                Plaintiff,         MEMORANDUM OPINION
                                   AND ORDER

        -against-                  08 Civ. 119 (MGC)


PEARSON EDUCATION, INC. AND
PRENTICE-HALL INC.,

                Defendants.

-----------------------------------X

APPEARANCES:

        STORCH AMINI MUNVES PC
        Attorneys for Plaintiff
        140 East 45th Street, 25th Floor
        New York, New York 10017

        By:  Jason Levin, Esq.
             Bijan Amini, Esq.

        LOVELLS LLP
        Attorneys for Defendants
        590 Madison Avenue
        New York, New York 10022

        By:  David Leichtman, Esq.
             Lani Questembert, Esq.
```

**Cedarbaum, J.**

Defendants Pearson Education, Inc. and Prentice-Hall, Inc. (the "Publisher") move to dismiss in part the claims of Bovee & Thill LLC (the "Authors") for breach of contract and breach of the covenant of good faith and fair dealing.

1

Courtland Bovee and John Thill are the authors of five textbooks published by the Publisher.  There is a separate contract for each textbook.  In all five contracts, the publisher is Prentice-Hall, Inc., which in March of 2006 changed its name to Pearson Education, Inc.  Bovee and Thill entered into the first three contracts in 1997 in their individual capacities, and their rights under those contracts were later assigned to Bovee & Thill LLC.  Bovee & Thill LLC entered into the fourth contract in 1999 and the fifth in 2001.

The Authors allege that the Publisher, by assigning the wrong royalty rate to certain kinds of sales, breached the contracts and deprived the Authors of over $250,000.00.  Pursuant to Fed. R. Civ. P. 12(b)(6), the Publisher moves to dismiss only the claims relating to the following royalties: (1) certain sales through foreign subsidiaries and affiliates, (2) sales of print versions of custom-published books, and (3) sales of electronic versions of custom-published books.

At the June 17, 2008 hearing on the motion to dismiss, the Publisher's motion was denied as to sales through foreign subsidiaries and affiliates and granted as to the print versions of custom-published books.  Decision was reserved as to electronic versions of custom-published books.

According to the amended complaint, the Publisher offers its customers the ability to "custom publish" textbooks based on the

needs of the customer's school courses.  Customers may choose to have certain chapters published, or combine those chapters with chapters of another book, or add content not owned by the Publisher.  Customers may also dictate cover design and layout.  The Publisher will then publish the customized book, in print or electronic form.

On a motion to dismiss for failure to state a claim, a contract integral to the complaint may be considered by the judge, who "need not accept [plaintiff's] description" of the contract, "but may look to the agreement itself."  <u>Broder v. Cablevision Sys. Corp.</u>, 418 F.3d 187, 196 (2d Cir. 2005) (concluding that the "contract language . . . unambiguously foreclose[d]" plaintiff's claims).

The Authors contend that an electronic version of a customized work should fall under the royalty for electronic books, which in the 1997 contracts is 18% of net cash received, and in the 1999 and 2001 contracts is 17.75% and 17%, respectively.  The Publisher contends that an electronic version of a customized work should fall under the royalty for adaptations and derivative works, which, in all of the contracts, is 10% of net cash received.

The 1997 contracts, at ¶ O, define an "electronic version" of a book as "any and all methods of copying . . . all or any portion of the Work . . . by any means now known or hereafter

devised, including, without limitation, by electronic or electromagnetic means . . . (excluding the electronic versions specifically described in paragraph I(a))."  Turning to ¶ I(a), it is not clear what electronic versions, if any, are "specifically described" in that paragraph, which reads:

> The rights granted to the Publisher under this Agreement include, but are not limited to, the following subsidiary rights:  publishing in all languages; broadcasting by radio; making audio and video recordings; publishing book club editions; making foreign or other adaptations or derivative works and other versions; inclusion in anthologies; showing by motion picture or television; syndicating, quoting, and otherwise utilizing the Work; and material based on the Work ("Subsidiary Rights").

Because ¶ O's cross-reference to ¶ I(a) is ambiguous, the Publisher's motion to dismiss is denied as to the 1997 contracts.

Under the 1999 contract, the paragraph regarding electronic versions, ¶ H(a)(v), reads:  "Electronic Transmissions of the Work: 17.75%, based on net cash received by the Publisher or its affiliate for transmission of the Work via radio or television broadcast, cable, satellite, on-line or other electronic or electromagnetic transmission."  The 2001 contract is the same, except as to the royalty rate.  Under the 1999 and 2001 contracts, the paragraph regarding adaptations and derivative works, ¶ H(a)(iv), is limited to "print editions of the Work by the Publisher or its affiliate, including . . . print adaptations or derivative works of the Work."  Under these two contracts,

4

electronic versions of custom-published books would appear to fall outside of the "adaptations and derivative works" paragraph, which is limited to "print editions." Therefore, the motion to dismiss is denied as to the 1999 and 2001 contracts.

For the foregoing reasons, the Publisher's motion to dismiss the claim with regard to electronic versions of custom- published books is denied.

SO ORDERED.

Date:     New York, New York
          June 23, 2008

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge