UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOVEE & THILL LLC,

                Plaintiff,

-against-

PEARSON EDUCATION, INC. and PRENTICE HALL INC.,

                Defendants.

08-CV-00119 (MGC)
ECF Case

ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/08

## STIPULATION AND PROTECTIVE ORDER

Good cause appearing, and in conformance with the agreement of Plaintiff Bovee & Thill LLC and Defendants Pearson Education, Inc. and Prentice Hall Inc.:[1]

IT IS STIPULATED BETWEEN AND AMONG THE UNDERSIGNED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered.

1. Discovery in this action may involve the disclosure of documents, things or information (including deposition testimony and all other discovery taken pursuant to the Federal Rules of Civil Procedure) in the possession, custody or control of parties or non-parties to this action that constitute or contain trade secrets or other confidential research, development or commercial information. Any party or non-party producing such material (the "producing person") may designate it in good faith as "Confidential" under the provisions of this Protective Order.

2. Any document produced in this action that was previously produced in a litigation, investigation or other proceeding shall be treated as "Confidential" if it was labeled in

---

[1] Defendants represent that in 2001, Prentice Hall's corporate name was changed to Pearson Education and thus the two named defendants are in reality a single party. Pearson continues to use the "Prentice Hall" imprint for B&T's books and other books.

that litigation, investigation or other proceeding as "Confidential," "Subject to Protective Order" or bears any other designation indicating that its confidentiality should be preserved.

3.  Material produced in this litigation, including depositions and documents, designated "Confidential" shall be used by any recipient solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such material shall not be disclosed to anyone except as provided herein (and except as otherwise provided by law).

4.  Any information or document produced by any producing person as part of discovery in this action may be designated by such person pursuant to Paragraphs 5 through 7 of this Protective Order.

5.  The designation of information or documents for purposes of this Protective Order shall be made in the following manner by the producing person seeking protection:

   a.  In the case of documents, exhibits, briefs, or memoranda: by affixing a plainly visible confidentiality designation legend to: (i) each page containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the producing person seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

   b.  In the case of depositions or other testimony: (i) by a statement on the record, by counsel, during such deposition or other proceeding that the entire transcript or a

portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) business days after the mailing (via next business day delivery) to counsel by the court reporter of the transcript. At or before a deposition or other proceeding, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Protective Order. The parties shall treat all deposition and other testimony as protected to the fullest extent under this Protective Order until the expiration of ten (10) business days after the mailing (via next business day delivery) to counsel of the transcript. Unless designated as confidential pursuant to this Protective Order, any confidentiality is waived after the expiration of the ten (10) business day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If any document designated under this Protective Order is used during the course of a deposition or other proceeding, that portion of the record reflecting such confidential information shall also be treated with the same confidential protection as that document.

6. Information or documents designated as "Confidential" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following qualified persons:

    a. Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this

litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

    b.    In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

    c.    The parties to this litigation;

    d.    Persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, provided that the disclosure of such material to any person under this subparagraph shall only be to the extent necessary to perform their work in connection with this litigation;

    e.    Any other person who is designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written agreement of the parties;

    f.    Any person of whom testimony is taken in this action (provided that such person is advised that the information or document is subject to this agreement and must remain confidential);

    g.    The Court and Court personnel;

    h.    Court reporters, interpreters and videographers employed in connection with this action.

7.    A producing person retains the right to apply to the Court for an order restricting certain individuals from access to certain documents. To accomplish this, counsel for a person wishing to restrict access to information shall produce the document to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The movant shall, thereafter,

within seven (7) business days, file the document under seal with the Court and identify the person (by name and title) who the movant objects to seeing the document and why the movant believes the information should not be received by this person(s).

8. Prior to the disclosure of any "Confidential" information to any person identified in paragraphs 6(d) or 6(e) above, such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Outside counsel for the party obtaining such signed certifications shall maintain a file of them.

9. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

10. The parties shall in good faith, and as practicable, seek to limit disclosures of material designated "Confidential" in filings with the Court. In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall file such material under seal, except that upon the default of the filing party to so designate, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL" and shall comply with all requirements of the

Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection. The filing under seal of any material designated "Confidential" shall not affect any party's right to challenge the designation of such material.

11. Any information or document produced by nonparties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Protective Order by any party or nonparty.

12. A recipient person shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with a particular confidentiality designation, the parties shall attempt in good faith to resolve the disagreement and, if the matter cannot be resolved, any party may raise it with the Court. The designating party bears the burden of demonstrating good cause for its designations. Pending resolution of the confidentiality challenge by the Court, any material designated "Confidential" shall continue to be treated in accordance with its original designation.

13. Nothing contained in this Protective Order shall preclude any party from using its own information in any manner it sees fit, without prior consent of any party or the Court.

14. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the designating person consents in writing to such disclosure, or if a court orders such disclosure. A producing person requested to disclose material designated under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand,

6

discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the producing person which designated the material as soon as is reasonably possible, but in all instances reasonably prior to the date on which such confidential material is to be produced to the nonparty.

15. If a producing person inadvertently fails to designate any information or document, when producing or otherwise disclosing such material, it shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided the producing party notifies all other parties as soon as practicably possible after discovery of the failure to so designate. As soon as the receiving party is informed by the producing person that it is designating previously produced material as "Confidential," the material must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

16. Entering into, agreeing to, and/or producing or receiving information or documents designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

    a. prejudice in any way the rights of any producing person to object to the production of documents they consider not subject to discovery;

      b.      prejudice in any way the rights of any producing person to object to the authenticity or admissibility into evidence of any information or document subject to this Protective Order;

      c.      prejudice in any way the rights of any producing person to seek a determination by the Court whether any information or document should be subject to the terms of this Protective Order; or

      d.      prejudice in any way the rights of any producing person to petition the Court for a further protective order relating to any purportedly confidential information, including, without limitation, asking the Court to limit the disclosure of certain information to outside counsel only.

      17.      In the event that material in the possession or control of a person or entity involves the confidentiality rights of a nonparty or its disclosure would violate a protective order issued in another action, the producing person with possession or control of the material will promptly attempt to obtain the consent of the nonparty to disclose the material under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the material without producing such information; and (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order compelling discovery.

      18.      If "Confidential" information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately

upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure, and make every effort to recover all copies of the information and prevent further disclosure or dissemination by each unauthorized person who received such information.

19. Within sixty (60) calendar days after the final termination of this litigation (including appeals) between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the person that produced it or destroyed and a certification of destruction supplied to the producing person; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraphs 6 or 7 may retain its work product that contains designated material as well as one compete and unredacted set of pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties to this action, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material.

20. If information or documents subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing person or other person would otherwise be entitled. In the event information or documents subject to a claim of attorney-client privilege,

attorney work product or any other legal privilege is inadvertently produced, upon request of the producing person, the documents, together with all copies thereof and any notes made therefrom shall promptly (and no later than ten (10) business days after receipt of such request) be returned forthwith to the person claiming privilege and/or attorney work product protection without the need to show the production was inadvertent. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

June 19, 2008

          STORCH AMINI & MUNVES P.C.

          By _____
               Bijan Amini (BA-8896)
               Lita Beth Wright (LW- 0442)
               Jason Levin (JL 8009)

          140 E. 45th Street, 25th Floor
          New York, New York 10017
          Telephone: (212) 490-4100
          Facsimile: (212) 490-4208
          bamini@samlegal.com
          lbwright@samlegal.com
          jlevin@samlegal.com

*Attorneys for Plaintiff Bovee & Thill LLC*

June 19, 2008

          LOVELLS LLP

          By _____
               David Leichtman (DL-7233)

          590 Madison Avenue
          New York, New York, 10027
          Telephone: (212) 909-0600
          Facsimile: (212) 909-0660
          david.leichtman@lovells.com

*Attorneys for Defendants Pearson Education, Inc., and Prentice Hall Inc.*

**SO ORDERED:** Subject to modification by the court as the interest of justice requires.

DATED: June 30, 2008

_____
Hon. Miriam G. Cedarbaum

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOVEE & THILL LLC,

                Plaintiff,

    -against-                        08-CV-00119 (MGC)
                                              ECF Case

PEARSON EDUCATION, INC. and PRENTICE
HALL INC.,

                Defendants.

## CERTIFICATION

The undersigned hereby acknowledges that he or she has read the Stipulation and Protective Order filed in the above-captioned action on _____, understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Stipulation and Protective Order.

_____
Date

                                _____
                                Name (typed or printed)

                                _____
                                Signature