LOVELLS LLP
David Leichtman (DL-7233)
Lani Questembert (LQ-2072)
590 Madison Avenue
New York, New York 10027
Telephone: (212) 909-0600
Facsimile: (212) 909-0660
david.leichtman@lovells.com

*Attorneys for Defendants Pearson Education, Inc.,*
*and Prentice Hall Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BOVEE & THILL LLC,**<br><br>                              Plaintiff,<br><br>                -against-<br><br>**PEARSON EDUCATION, INC. and PRENTICE HALL INC.,**<br><br>                              Defendants. | 08-CV-00119 (MGC)<br>ECF Case |

**ANSWER, AFFIRMATIVE DEFENSES , AND COUNTERCLAIM**

Defendants Pearson Education, Inc. and Prentice Hall Inc. (collectively "Pearson")[1] by and through its undersigned counsel, Lovells LLP, hereby answers the Amended Complaint of Plaintiff Bovee & Thill LLC ("B&T") filed on May 8, 2008 (the "Amended Complaint"), as follows:

1. Pearson denies the allegations in Paragraph 1 of the Amended Complaint.

2. Pearson denies the allegations in Paragraph 2 of the Amended Complaint.

3. Pearson denies the allegations in Paragraph 3 of the Amended Complaint.

4. Pearson denies the allegations in Paragraph 4 of the Amended Complaint.

5. Pearson admits that B&T is a Nevada Limited Liability Company, but denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Pearson admits the allegations in the first sentence of Paragraph 6 of the Amended Complaint. Pearson denies the allegations in the second sentence of Paragraph 6 of the Amended Complaint, except states that Pearson Education, Inc. is a company formerly known as Prentice-Hall, Inc. and that Prentice-Hall, Inc. changed its name to Pearson Education, Inc., effective as of January 1, 2001.

7. Pearson denies the allegation in Paragraph 7 of the Amended Complaint, except states that Pearson Education, Inc. is a company formerly known as Prentice-Hall, Inc. and that Prentice-Hall, Inc. changed its name to Pearson Education, Inc., effective as of January 1, 2001.

8. Pearson admits the allegations in Paragraph 8 of the Amended Complaint.

---

[1] In 2001, Prentice-Hall, Inc.'s corporate name was changed to Pearson Education, Inc. and thus the two named defendants are in reality a single party. Pearson continues to use the "Prentice Hall" imprint for B&T's books and other books.

9. Pearson admits the allegations in Paragraph 9 of the Amended Complaint, except states that Prentice Hall is not a separate legal entity from Pearson.

10. Pearson admits the allegations in Paragraph 10 of the Amended Complaint.

11. Pearson admits the allegation in Paragraph 11 of the Amended Complaint, except denies that John Thill and Courtland Bovee are prominent.

12. Pearson admits the allegations in Paragraph 12 of the Amended Complaint.

13. Pearson denies the allegations in Paragraph 13 of the Amended Complaint, except admits that B&T has five contracts with Pearson (collectively "Author Contracts") and refers to the Author Contracts for a complete statement of their terms.

14. Pearson denies the allegations in Paragraph 14 of the Amended Complaint, except admits that from time to time new editions of B&T's books are published by Pearson.

15. Pearson denies the allegations in Paragraph 15 of the Amended Complaint, except admits that B&T and Pearson entered into a contract on April 18, 1997 and refers to the contract for a complete statement of its terms.

16. Pearson denies the allegations in Paragraph 16 of the Amended Complaint, except admits that B&T and Pearson entered into a contract on April 18, 1997 and refers to the contract for a complete statement of its terms.

17. Pearson denies the allegations in Paragraph 17 of the Amended Complaint, except admits that B&T and Pearson entered into a contract on July 25, 1997 and refers to the contract for a complete statement of its terms.

18. Pearson admits the allegations in Paragraph 18 of the Amended Complaint to the extent that B&T uses the phrase "1997 Agreements" in the Amended Complaint, but denies any

characterization of those contracts (hereafter, the "1997 Contracts") made in the Amended Complaint.

19. Pearson admits the allegations in Paragraph 19 of the Amended Complaint.

20. Pearson denies the allegations in Paragraph 20 of the Amended Complaint, except admits that B&T and Pearson entered into a contract on March 23, 1999 (the "1999 Contract") and refers to the contract for a complete statement of its terms.

21. Pearson denies the allegations in Paragraph 21 of the Amended Complaint, except admits that B&T and Pearson entered into a contract on October 12, 2001 (the "2001 Contract") and refers to the contract for a complete statement of its terms.

22. Pearson denies the allegations in Paragraph 22 of the Amended Complaint, except states that Pearson is a party to the 1997 Contracts and the 1999 Contract due to the name change in 2001 from Prentice Hall Inc. to Pearson, and that Pearson is a named party to the 2001 Contract.

23. Pearson denies the allegations in Paragraph 23 of the Amended Complaint.

24. Pearson denies the allegations in Paragraph 24 of the Amended Complaint, and refers to the Author Contracts for a complete statement of their terms.

25. Pearson admits the allegations in the first sentence of Paragraph 25 of the Amended Complaint. Pearson denies the allegations in the second sentence of Paragraph 25 of the Amended Complaint.

26. Pearson denies the allegations in the first sentence of Paragraph 26 of the Amended Complaint, except admits that Pearson prepares B&T's royalty statements. Pearson admits the allegations in the second sentence of Paragraph 26 of the Amended Complaint.

27. Pearson denies the allegations in Paragraph 27 of the Amended Complaint, except states that Pearson provides some of the information alleged in B&T's royalty statements.

28. Pearson admits the allegations in Paragraph 28 of the Amended Complaint, but states that it is an incomplete statement of what is contained in the Author Contracts and refers to the Author Contracts for a complete statement of their terms.

29. Pearson denies the allegations in Paragraph 29 of the Amended Complaint.

30. Pearson denies the allegations in Paragraph 30 of the Amended Complaint.

31. Pearson denies the allegations in Paragraph 31 of the Amended Complaint, except admits that Pearson distributes books throughout the world.

32. Pearson denies the allegations in Paragraph 32 of the Amended Complaint, and refers to the documents referenced therein for what they state.

33. Pearson denies the allegations in Paragraph 33 of the Amended Complaint.

34. Pearson denies the allegations in Paragraph 34 of the Amended Complaint, except admits that Pearson publishes and sells B&T's books in countries other than the United States, and refers to the Author Contracts for a complete statement of their terms.

35. Pearson denies the allegations in Paragraph 35 of the Amended Complaint, except admits that Pearson distributes books throughout the world.

36. Pearson admits the allegations in Paragraph 36 of the Amended Complaint.

37. Pearson admits the allegations in Paragraph 37 of the Amended Complaint, except states that the allegations in paragraph 37 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

38. Pearson admits the allegations in Paragraph 38 of the Amended Complaint, except states that the allegations in paragraph 38 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

39. Pearson denies the allegations in the first sentence of Paragraph 39 of the Amended Complaint. Pearson admits the allegations in the second sentence of Paragraph 39 of the Amended Complaint, except states that the allegations in the second sentence of paragraph 39 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

40. Pearson denies the allegations in Paragraph 40 of the Amended Complaint.

41. Pearson denies the allegations in Paragraph 41 of the Amended Complaint.

42. Pearson denies the allegations in Paragraph 42 of the Amended Complaint.

43. Pearson denies the allegations in Paragraph 43 of the Amended Complaint.

44. Pearson denies the allegations in Paragraph 44 of the Amended Complaint.

45. Pearson denies the allegations in Paragraph 45 of the Amended Complaint.

46. Pearson denies the allegations in Paragraph 46 of the Amended Complaint, except admits that Pearson sent a letter to B&T on or about April 22, 2005 and refers to that letter for what is stated therein.

47. Pearson denies the allegations in Paragraph 47 of the Amended Complaint.

48. Pearson denies the allegations in Paragraph 48 of the Amended Complaint.

49. Pearson denies the allegations in Paragraph 49 of the Amended Complaint.

50. Pearson denies the allegations in Paragraph 50 of the Amended Complaint.

51. Pearson denies the allegations in Paragraph 51 of the Amended Complaint, except admits that Pearson's customers can request and order custom editions of certain books offered by Pearson.

52. Pearson denies the allegations in Paragraph 52 of the Amended Complaint, except admits that Pearson has an Internet url at www.pearsoncustom.com, and refers to that url for what is contained there.

53. Pearson denies the allegations in Paragraph 53 of the Amended Complaint, except admits that Pearson's customers can request and order custom editions of certain books offered by Pearson.

54. Pearson denies the allegations in Paragraph 54 of the Amended Complaint, except admits that Pearson's customers can request and order custom editions of certain books offered by Pearson.

55. Pearson denies the allegations in Paragraph 55 of the Amended Complaint.

56. Pearson denies the allegations in Paragraph 56 of the Amended Complaint.

57. Pearson denies the allegations in Paragraph 57 of the Amended Complaint.

58. Pearson denies the allegations in Paragraph 58 of the Amended Complaint, except admits that Pearson's customers can request and order custom editions of certain books offered by Pearson.

59. Pearson denies the allegations in Paragraph 59 of the Amended Complaint, except admits that since 2002, it has included a glossary of terms with B&T's royalty statements as an aid to assist authors in understanding their royalty statements.

60. Pearson denies the allegations in Paragraph 60 of the Amended Complaint.

Lovells

61. Pearson denies the allegations in Paragraph 61 of the Amended Complaint.

62. Pearson denies the allegations in Paragraph 62 of the Amended Complaint.

63. Pearson denies the allegations in Paragraph 63 of the Amended Complaint.

64. Pearson denies the allegations in Paragraph 64 of the Amended Complaint, and refers to the 1997 Contracts for a complete statement of their terms.

65. Pearson denies the allegations in Paragraph 65 of the Amended Complaint.

66. Pearson denies the allegations in Paragraph 66 of the Amended Complaint.

67. Pearson denies the allegations in Paragraph 67 of the Amended Complaint.

68. Pearson denies the allegations in Paragraph 68 of the Amended Complaint.

69. Pearson denies the allegations in Paragraph 69 of the Amended Complaint.

70. Pearson denies the allegations in Paragraph 70 of the Amended Complaint.

71. Pearson admits the allegations in Paragraph 71 of the Amended Complaint, except states that the allegations in paragraph 71 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

72. Pearson admits the allegations in Paragraph 72 of the Amended Complaint, except states that the allegations in paragraph 72 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

73. Pearson denies the allegations in Paragraph 73 of the Amended Complaint.

74. Pearson denies the allegations in Paragraph 74 of the Amended Complaint.

75. Pearson denies the allegations in Paragraph 75 of the Amended Complaint, and refers to B&T's royalty statements for an accurate statement of what is contained therein.

76. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint, and they are therefore denied.

77. Pearson denies the allegations in Paragraph 77 of the Amended Complaint, except admits that Jeff Shelstead received an e-mail from John Thill on or about April 5, 2005, and refers to the e-mail for what is stated therein.

78. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 78 of the Amended Complaint, and they are therefore denied. Pearson denies the allegations in the third sentence of Paragraph 78 of the Amended Complaint.

79. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint, and they are therefore denied.

80. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint, and they are therefore denied.

81. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 81 of the Amended Complaint, and they are therefore denied. Pearson denies the allegations in the third, fourth and fifth sentences of Paragraph 81 of the Amended Complaint.

82. Pearson denies the allegations in Paragraph 82 of the Amended Complaint.

83. Pearson denies the allegations in Paragraph 83 of the Amended Complaint, and refers to B&T's royalty statements for an accurate statement of what is contained therein.

84. Pearson denies the allegations in Paragraph 84 of the Amended Complaint.

85. Pearson denies the allegations in Paragraph 85 of the Amended Complaint.

86. Pearson admits the allegations in Paragraph 86 of the Amended Complaint, except states that the allegations in paragraph 86 of the Amended Complaint are incomplete and refers to the Author Contracts for a complete statement of their terms.

87. Pearson denies the allegations in Paragraph 87 of the Amended Complaint.

88. Pearson denies the allegations in Paragraph 88 of the Amended Complaint, except admits that Jeff Shelstead received an e-mail from John Thill on or about April 5, 2005, and refers to the e-mail for what is stated therein.

89. Pearson admits the allegations in the first sentence of Paragraph 89 of the Amended Complaint. Pearson denies the allegations in the second sentence of Paragraph 89 of the Amended Complaint.

90. Pearson denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Amended Complaint, and they are therefore denied.

91. Pearson denies the allegations in Paragraph 91 of the Amended Complaint, except admits that a lawsuit was filed by B&T against Pearson in the United States District Court for the District of Nevada on or about August 13, 2005, and that the complaint in that lawsuit was amended on or about September 13, 2005, and refers to the complaint and the amended complaint in the Nevada lawsuit for an accurate statement of what was alleged therein.

92. Pearson denies the allegations in Paragraph 92 of the Amended Complaint.

93. Pearson denies the allegations in Paragraph 93 of the Amended Complaint, except admits that on or about August 16, 2005, John Thill sent a letter to members of Pearson plc's Board of Directors, and refers to the letter for what is stated therein.

94. Pearson denies the allegations in Paragraph 94 of the Amended Complaint, except admits that counsel for Pearson and Pearson plc sent a letter to counsel for B&T on or about September 2, 2005, and refers to the letter for what is stated therein.

95. Pearson denies the allegations in Paragraph 95 of the Amended Complaint, except admits that there were several oral discussions between counsel for B&T and counsel for Pearson during 2006.

96. Pearson denies the allegations in Paragraph 96 of the Amended Complaint, except admits that David Parker sent an e-mail to John Thill on or about October 17, 2007, and refers to the e-mail for what is stated therein.

97. Pearson denies the allegations in Paragraph 97 of the Amended Complaint, except admits that David Parker sent an e-mail to John Thill on or about October 25, 2007, and refers to the e-mail for what is stated therein.

98. Pearson denies the allegations in Paragraph 98 of the Amended Complaint, except admits that John Thill sent an e-mail to David Parker on or about December 31, 2007, and refers to the e-mail for what is stated therein.

99. Pearson denies the allegations in Paragraph 99 of the Amended Complaint, except admits that David Parker send an e-mail to John Thill on or about January 1, 2008, and refers to the e-mail for what is stated therein.

100. Pearson denies the allegations in the first and second sentences of Paragraph 100 of the Amended Complaint, except admits that B&T has the right to audit certain records at its own expense under the terms set forth in the Author Contracts. Pearson denies the allegations in the third sentence of Paragraph 100, except admits that B&T and Pearson discussed what information B&T was entitled to review in 2006 with regard to certain questions B&T asked about its royalty statements. Pearson denies the allegations in the fourth sentence of Paragraph 100 of the Amended Complaint, except admits that Pearson provided B&T with sufficient information to address questions B&T asked about its royalty statements in 2006. Pearson denies the remaining allegations in Paragraph 100 of the Amended Complaint.

101. Pearson denies the allegations in Paragraph 101 of the Amended Complaint, except admits that B&T's counsel requested documents in or about March 2006 and that Pearson's counsel responded to that request on or about April 4 2006, and refers to those communications for what is stated therein.

102. Pearson denies the allegations in Paragraph 102 of the Amended Complaint, except admits that B&T's counsel sent a letter to Pearson's counsel on or about January 17, 2007, and refers to the letter for what is stated therein.

**IN RESPONSE TO THE FIRST CLAIM FOR RELIEF**

103. Pearson repeats and realleges each and every response contained in Paragraph 1 through 102 of this Answer as though fully set forth herein.

104. Pearson denies the allegations in Paragraph 104 of the Amended Complaint, except states that Pearson Education, Inc. is a company formerly known as Prentice-Hall, Inc. and that

Prentice-Hall, Inc. changed its name to Pearson Education, Inc., effective as of January 1, 2001, and Pearson admits that Pearson Education, Inc. is a party to the Author Contracts with B&T.

105.  Pearson denies the allegations in Paragraph 105 of the Amended Complaint.

106.  Pearson denies the allegations in Paragraph 106 of the Amended Complaint.

107.  Pearson denies the allegations in Paragraph 107 of the Amended Complaint.

108.  Pearson denies the allegations in Paragraph 108 of the Amended Complaint.

109.  Pearson denies the allegations in Paragraph 109 of the Amended Complaint.

110.  Pearson denies the allegations in Paragraph 110 of the Amended Complaint.

111.  Pearson denies the allegations in Paragraph 111 of the Amended Complaint.

112.  Pearson denies the allegations in Paragraph 112 of the Amended Complaint.

**IN RESPONSE TO THE SECOND CLAIM FOR RELIEF**

113.  Pearson repeats and realleges each and every response contained in Paragraph 1 through 112 of this Answer as though fully set forth herein.

114.  Pearson denies the allegations in Paragraph 114 of the Amended Complaint, except states that Pearson Education, Inc. is a company formerly known as Prentice-Hall, Inc. and that Prentice-Hall, Inc. changed its name to Pearson Education, Inc., effective as of January 1, 2001, and Pearson admits that Pearson Education, Inc. is a party to the Author Contracts with B&T.

115.  Pearson denies the allegations in Paragraph 115 of the Amended Complaint.

116.  Pearson denies the allegations in Paragraph 116 of the Amended Complaint, except admits that Pearson prepares B&T's royalty statements.

117. Pearson denies the allegations in Paragraph 117 of the Amended Complaint.

118. Pearson denies the allegations in Paragraph 118 of the Amended Complaint.

119. Pearson denies the allegations in Paragraph 119 of the Amended Complaint.

120. Pearson denies the allegations in Paragraph 120 of the Amended Complaint.

121. Pearson denies the allegations in Paragraph 121 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by the statute of limitations and by the two year limitation contained in the Author Contracts.

### THIRD AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by recoupment, overpayment, and/or set-off.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by waiver.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by estoppel.

Lovells

## SEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by license.

## NINTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by payment.

## TENTH AFFIRMATIVE DEFENSE

The relief sought in the Amended Complaint is barred by accord and satisfaction.

## COUNTERCLAIM

Pearson Education, Inc. ("Pearson"), by their undersigned attorneys, as and for its counterclaims against Bovee & Thill LLC, hereby alleges as follows:

## PARTIES

1. Pearson is a Delaware Corporation with is principal place of business in New Jersey.

2. B&T is a Nevada LLC with its principal place of business in California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this counterclaim by virtue of 28 U.S.C. § 1332 and 28 U.S.C. § 1367, because the parties have diversity of citizenship and the amount at issue exceeds $75,000.00.

4. The parties have agreed that the courts of New York have sole jurisdiction over claims concerning their contracts, and have agreed to personal jurisdiction in New York for purposes of resolution of any such claims.

## STATEMENT OF FACTS

5. As alleged in Plaintiff's Amended Complaint, the parties entered into five (5) Author Contracts between Pearson (or under its prior name, Prentice Hall, Inc.) and B&T (or B&T's predecessors in interest John Thill and Courtland Bovee).

6. Pursuant to those Author Contracts, Pearson has paid royalties to B&T based on sales of books by Pearson or third parties.

7. In the Amended Complaint, B&T alleges that there were underpayments made with regard to certain royalty periods for certain types of sales from January 1, 2003 to the present.

8. While Pearson denies that it has made any underpayments to B&T, Pearson believes that there have been certain overpayments made to B&T on its royalty statements during the same period of time, in an amount that exceeds $75,000.00.

9. Accordingly, Pearson seeks repayment, recoupment and set-off for money had and received.

## CLAIM FOR RECOUPMENT, SETOFF AND MONEY HAD AND RECEIVED

10. Pearson hereby realleges and incorporates by reference the allegations of paragraphs 1-9.

11. B&T has received overpayment on its royalties in an amount believed to exceed $75,000.00.

12. Such overpayments belong to Pearson.

13. B&T benefitted by the receipt of such overpayments.

14. In equity and good conscience, B&T should not be permitted to retain such overpayments.

12.     Pearson is entitled to set-off, repayment and recoupment on account of such overpayments.

**WHEREFORE**, Pearson requests judgment in its favor and against B&T, ordering:

a.  That B&T take nothing from its claims asserted in the Amended Complaint;

b.  That B&T pay to Pearson any amounts due and owing as a result of overpayments made by Pearson to B&T during the same royalty period for which B&T asserts its claims;

c.  That Pearson recover its interest and costs; and

d.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pearson hereby demands a trial by jury on all matters so triable.

Dated: New York, New York

July 3, 2008

LOVELLS LLP

By: _____
David Leichtman (DL-7233)
Lani Questembert (LQ-2072)

590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600
Fax: (212) 909-0660

*Attorneys for Pearson Education, Inc. and Prentice Hall Inc.*

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is: 590 Madison Avenue, New York, New York, 10022.

I hereby certify that on July 3, 2008, I caused true and correct copies of the foregoing **Answer, Affirmative Defenses, and Counterclaim** to be served by e-mail and regular mail upon:

>Bijan Amini, Esq.
>STORCH AMINI & MUNVES PC
>140 E. 45th St., 25th Floor
>New York, New York 10017
>(212) 490-1400

Executed on July 3, 2008 at New York, New York.

I declare that I am employed in the office of counsel for defendant Pearson Education, Inc. and Prentice-Hall, Inc., at whose direction the service was made.

_____
M. EILEEN O'CONNOR