Bijan Amini (BA 3533)
Lita Beth Wright (LW 0442)
Jason Levin (JL 8009)
STORCH AMINI & MUNVES PC
140 East 45th St., 25th Floor
New York, New York 10017
(212) 490-4100
Attorneys for Plaintiff
Bovee & Thill LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BOVEE & THILL LLC, a Nevada limited : 
liability company, :
  :
    Plaintiff, : 08-CV-00119 (MGC)
  : ECF CASE
v. :
  : **ANSWER TO**
PEARSON EDUCATION, INC., : **COUNTERCLAIM**
A Delaware corporation and PRENTICE- :
HALL, INC., A Delaware Corporation : **(With Jury Demand)**
  :
    Defendants. :
------------------------------------------------------------x

    Plaintiff Bovee & Thill LLC ("B&T"), by and through its attorneys, Storch Amini & Munves PC, hereby answers the counterclaim (the "Counterclaim") of defendants Pearson Education, Inc. and Prentice Hall, Inc. (collectively, "Pearson"), as follows:

### PARTIES

    1.    Admits the allegations of paragraph 1 of the Counterclaim.

    2.    Denies the allegations of paragraph 2 of the Counterclaim, except admits that B&T is a limited liability company duly organized and existing under the laws of the State of Nevada.

- 2 -

## JURISDICTION AND VENUE

3.      With respect to paragraph 3 of the Counterclaim, B&T admits that Pearson alleges this Court has jurisdiction over the Counterclaim, but otherwise states that the allegations of paragraph 3 state legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations of paragraph 3 are denied.

4.      Denies the allegations of paragraph 4 of the Counterclaim and refers the Court to the Author Agreements[1] and the Standstill Agreement[2] for the terms thereof.

## STATEMENT OF FACTS

5.      Denies the allegations of paragraph 5 of the Counterclaim and refers the Court to the Amended Complaint for the allegations thereof.

6.      Denies the allegations of paragraph 6 of the Counterclaim, except admits that Pearson has paid royalties to B&T, but not to the full extent required by the Author Agreements.

7.      Denies the allegations of paragraph 7 of the Counterclaim and refers the Court to the Amended Complaint for the allegations thereof.

8.      Denies knowledge and information sufficient to form a belief as to the allegations concerning what Pearson believes, and denies the remaining allegations of paragraph 8 of the Counterclaim.

9.      Paragraph 9 of the Counterclaim states legal conclusions to which no response is required.  To the extent that any response is required, the allegations of paragraph 9 are denied.

---

[1] As used herein, the phrase "Author Agreements" is defined in the Amended Complaint dated May 8, 2008, which was filed in the instant action.

[2] As used herein, the term "Standstill Agreement" refers to the Standstill Agreement between B&T and Pearson Education, Inc. (f/k/a Prentice-Hall, Inc.) dated as of October __, 2005, and filed with the United States District Court, District of Nevada, and any amendments, modifications or extensions thereto.

### CLAIM FOR RECOUPMENT, SETOFF AND MONEY HAD AND RECEIVED

10.  In response to paragraph 10 of the Counterclaim, B&T repeats and realleges each and every response set forth herein with respect to paragraphs 1 through 9.

11.  Denies the allegations of paragraph 11 of the Counterclaim.

12.  Denies the allegations of paragraph 12 of the Counterclaim.

13.  Denies the allegations of paragraph 13 of the Counterclaim.

14.  Denies the allegations of paragraph 14 of the Counterclaim.

15.  Denies the allegations of paragraph 15 of the Counterclaim, to the extent it does not state legal conclusions to which no response is required.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter, B&T alleges the following affirmative defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Pearson's claims are barred by the doctrines of waiver and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Pearson's claims are barred by the doctrine of ratification.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pearson's claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Pearson's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Pearson's claims are barred by the doctrine of recoupment and set-off.

- 4 -

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Pearson's claims are barred for failure to comply with the notice provisions of the relevant contracts.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Pearson's claims are barred by the applicable statute of limitations.

## JURY DEMAND

B&T hereby demands a trial by Jury.

Dated: New York, New York  
July 23, 2008

STORCH AMINI & MUNVES PC

By: _____
Bijan Amini (BA 3533)
Lita Beth Wright (LW 0422)
Jason Levin (JL 8009)
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
Attorneys for Plaintiff
Bovee & Thill LLC